**Norris BAKER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4236.**

District of Columbia Court of Appeals.

Argued Feb. 6, 1967.

Decided April 6, 1967.

---

---

Rex K. Nelson, Washington, D. C., appointed by this court, for appellant.

Theodore Wieseman, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge and CAYTON (Chief Judge, Retired).

CAYTON, Associate Judge.

Appellant Baker was convicted of violating the "Narcotics Vagrancy Statute," D.C. Code 1961, § 33–416a. He asserts many errors including insufficiency of the evidence and the unconstitutionality of the statute. The constitutional questions have been considered and decided in two companion cases which were consolidated with this one. Ricks v. United States, D.C.App., 228 A.2d 316, decided this day.

In this case we do not reach the constitutional questions because we are of the opinion that the evidence does not support the conviction. Baker was tried and convicted along with one Keith (who did not appeal). The seventy-eight page transcript contains but a few references to this appellant. The majority of these references arise because Baker was in the company of Keith on several occasions. Baker was never really asked to give a good account of himself. There was no evidence that he committed any acts which would warrant a conviction. True, he was in the company of or in proximity to a known and admitted narcotics user and he did admit use of narcotics on two occasions. But although five officers said they saw him on the streets after midnight, he was asked only once about his employment, and cursorily about

what he was doing there. The circumstantial evidence, if more fully elaborated, could conceivably have sustained a conviction. But the testimony actually fell short of establishing guilt under the statute. We can only conclude that the jury found Baker guilty due to his tenuous connection and association with Keith as to whom a substantial amount of incriminating evidence was presented. We think he was entitled to a directed verdict.

Reversed.